IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTONIO EUGENE MCDONAL,** <br> **#232300,** <br> <br> **Plaintiff,** <br> <br> vs. <br> <br> **MICHELLE BUSCHER,** <br> **Commissioner of Corrections,** <br> <br> <br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> )    **CASE NO. 12-cv-106-GPM** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Antonio McDonal, an inmate in the Minnesota Correctional Facility, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges violations of his constitutional rights while Plaintiff was housed at the Robinson Correctional Center, Illinois Department of Corrections. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff states he was housed in the Illinois Department of Corrections for eighteen months.  He brings this complaint against Defendant Buscher, Commissioner of Corrections, for failing to release the interest accrued on wages and money sent to Plaintiff during his incarceration at the facility.

**Discussion**

The due process guarantees of the Fifth and Fourteenth Amendments come into play when a constitutionally protected liberty or property interest is at stake.  *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972). In this case, the question is whether Plaintiff has a property interest protected by the Fifth and Fourteenth Amendments in the interest accrued on his individual prison trust fund account.  Without such a property interest, Plaintiff has no claim for a violation of his constitutional rights.

In the Seventh Circuit, inmates generally do not have a constitutionally protected property interest in the interest accrued on funds deposited in their prisoner trust accounts.  *See Harris v. Randle*, No. 10-732-GPM, 2010 U.S. Dist. LEXIS 4628,  2011 WL 132859, *3 (S.D.Ill. Jan 16, 2011); *Harris v. Ryker*, No. 11-133-JPG, 2011 WL 5244682, 2011 U.S. Dist.

LEXIS 126407, *3 (S.D.Ill. Nov 02, 2011)

Of course, a protected property interest may also arise from state law. *Bd. of Regents,* 408 U.S. at 577. Illinois law provides that "[t]he Department shall establish accounting records with accounts for each person who has or receives money while in an institution or facility of the Department and it shall allow the withdrawal and disbursement of money by the person under rules and regulations of the Department." 730 ILL. COMP. STAT. 5/3-4-3(a). That law, however, also specifies that "[f]or an individual in an institution or facility of the Adult Division the interest shall accrue to the Residents' Benefit Fund." *Id.* Therefore, this statutory provision does not create a property interest implicating constitutional rights to due process. *See also Washington Legal Found. v. Texas Equal Access to Justice Found.*, 873 F. Supp. 1, 7-8 (W.D. Tex. 1995) (prisoners have no protected property interest in interest generated from their trust fund accounts); *Gray v. Lee,* 486 F. Supp. 41 (M.D. Md. 1980), *aff'd.,* 661 F.2d 921 (4th Cir. 1981) (no property interest in earned interest on inmate account).

The Constitution does not grant prisoners a property interest in the interest accrued on personal funds held in trust by their prison custodian. Instead, "a convicted felon . . . forfeit[s] all rights to personal property." *Washlefske v. Winston*, 234 F.3d 179, 185 (4th Cir. 2000); *see also Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 682 (1974) (noting that under English common law convicted felons forfeited their property to the Crown).

In conclusion, Plaintiff has no property interest under Illinois law in the interest accrued on his prison trust fund account. Plaintiff's complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed pursuant to 28 U.S.C. § 1915A.

**Disposition**

  **IT IS HEREBY ORDERED** Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED with prejudice**.

  Plaintiff is advised this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

  The Clerk shall **CLOSE THIS CASE**.

  **IT IS SO ORDERED.**

  **DATED:** May 16, 2012

              /s/ *G. Patrick Murphy*
              G. PATRICK MURPHY
              United States District Judge